CASE 75—PETITION EQUITY—October 23.

# Bush v. Macklin, Trustee.

APPEAL FROM FRANKLIN COURT OF COMMON PLEAS.

RELEASE OF MORTGAGE.—Section 12, of chapter 24, of the General Statutes, which provides for the release of a mortgage lien by an entry upon the margin of the records of the county court, is not the only remedy to which the mortgageor is entitled in order to obtain a release of the mortgage lien upon the payment of the mortgage debt. Independent of the statute, he is entitled to record proof of the payment of the debt. And whether or not the record of an action to enforce a mortgage lien, in which the payment of the mortgage debt has been coerced, furnishes sufficient proof where all the land lies in the county where the action was brought, where a part of the land lies in another county, the mortgageor is entitled to a written release, duly acknowledged, which the court, having the parties before it, has jurisdiction to compel the plaintiff to execute. But it is the duty of the defendant to draw up the deed of release in proper form and tender the same to the plaintiff, together with the fees for taking the acknowledgment, and thereupon it is the duty of the plaintiff to sign and acknowledge it.

W. P. D. BUSH FOR APPELLANT.

1. When a vendor of land, by bond for title, sues to enforce his lien for purchase money, he must tender with his petition a sufficient deed to the vendee-defendant. (Williams v. Abrahams, 3 Bush, 187; Calvin v. Duncan, 12 Bush, 104.)

And so a mortgagee should be required by the court in which he enforces the payment of his mortgage debt to release his mortgage by deed of release, if he fails to do so in the mode provided for by statute.

2. As the land in this case was in two different counties, the defendant was entitled to a deed of release that he might have it recorded in each of said counties. And the court unquestionably had jurisdiction to compel the plaintiff to execute the deed of release, the clerk's fees being tendered. (Wickliffe v. Lee, 6 B. M., 552; Stemmons v. Duncan, 9 B. M., 354; Breckinridge v. Ormsby, 1 J. J. M., 259; Breckinridge v. Brooks, 2 Mar., 338; Jones on Mortgages, volume 2, sections 988, 988a, 989, 990, 956.)

L. HORD FOR APPELLEE.

Where a mortgage debt has been satisfied by a sale of the mortgaged

property under judgment of court, the mortgagee can not be required to execute to the mortgageor a formal deed of release. The record of the suit furnishes the highest and best possible record evidence of the satisfaction and extinguishment of the mortgage lien.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee, as the trustee of Mrs. M. A. Murphy, obtained a judgment in the Franklin Common Pleas Court against the appellant, subjecting some landed estate lying in Franklin and Hancock counties, Kentucky, to satisfy a debt secured. by a mortgage on said lands, executed to the appellee as trustee, by the appellant; which mortgage was recorded in Franklin and Hancock counties. The Misses Gheislin, at the commissioner's sale, bought said land, and executed bond for the purchase price, with the appellant as one of their sureties. They also, by a writing signed by themselves, which was filed in the case, stated, in substance, that the land was purchased for the benefit of the appellant.

The appellant, at the maturity of the bond, paid off the same in full; thereupon the Misses Gheislin executed another writing, which was filed in the case, transferring all their right and title in and to said lands to the appellant. The sale was confirmed. Afterwards, while said case was still pending, at the instance of the appellant, there was an order entered of record in said case reciting the foregoing facts, and ordering the appellee to execute to the appellant a deed of release of said lands from said mortgage, or to show cause at the next term of court why he should not do so. At the next term of court the appellee filed his response, admitting the facts

set up in the order, but denying that the court had jurisdiction over the matter, or that the appellant had the right to demand a deed of release from him. The appellant also tendered a deed of release, drawn up in due form, for the appellee to sign and acknowledge before the county clerk of Franklin county; he also tendered the clerk's fee for taking the acknowledgment. Upon the hearing of the motion the court dismissed the same, upon the ground that it had not jurisdiction of the motion. The appellant has appealed to this court.

Chapter 24, section 12, of the General Statutes, provides as follows: "Liens, by deed or mortgage, may be discharged by an entry acknowledging satisfaction of the same on the margin of the record thereof, signed by the person entitled to the same, or his personal representative, and attested by the clerk or his deputy, which, in case of a mortgage or deed of trust, shall have the effect to reinvest the title in the mortgagor or grantor, or person entitled thereto. This provision shall not be held to change the existing law, if no such entry be made."

The foregoing section is simply declaratory of an equitable principle, and is, therefore, not the only and exclusive remedy to which the mortgageor is entitled, in order to obtain a release of the mortgage lien upon the payment of the mortgage debt.

It is a well-settled principle, that the payment of a mortgage debt without a release or even receipt, extinguishes the mortgage lien as against the mortgagee, and all others claiming through him. But, nevertheless, "the mortgageor may maintain a bill against the

mortgagee or his heirs, for a release or reconveyance after payment. But this is not because the payment is not an extinguishment, but only because the fact of payment may not be, at all times, conveniently susceptible of proof without written or record evidence. Such a bill, in such a case, is filed as a precautionary measure. But the fact of payment is sufficient, if it can be made to appear, without a reconveyance, particularly if it be manifested by a decree of court." (Breckinridge's Heirs v. Ormsby, 1 J. J. M., 236.)

It may be said that the fact of payment is sufficiently manifested by the record of this case. If all the land embraced in said mortgage lay in Franklin county, then there would be much force in such an argument, for it then could be said that the fact of payment was "conveniently susceptible of proof" by the court proceedings. But a part of the land mortgaged lies in Hancock county, some two hundred miles distant from the court records of Franklin county. Should the appellant wish to sell the land in Hancock county, and should be able to make an advantageous sale of it, provided the title was clear, it is hardly probable that the person proposing to make the purchase would be willing to take the appellant's word that the mortgage debt had been paid. And it is not unreasonable to suppose that he would not put himself to the trouble and expense to come to Frankfort to see whether or not the debt had been paid; nor is it unreasonable to suppose that he would not incur the expense of having the matter investigated; nor is it unreasonable to suppose that he would prefer not to rely upon the report of strangers in reference to said matter, espe-

Bush v. Macklin, Trustee.

cially as they might be personal friends of the appellant. Also, the mortgage standing upon the county court records as unreleased, would probably injure the appellant's credit with the commercial world, were he so engaged, or did he propose to so engage. So it seems to us that, independent of the statute *supra*, the appellant is entitled to record proof of the payment of said debt, and that such proof ought to be such as would afford the appellant the prompt and ready means of showing that said debt was paid; and that a deed of release, duly acknowledged, in order that it may be recorded in the Hancock County Court, furnishes not only satisfactory but convenient evidence of said payment. Besides, taking the statute, *supra*, as analogy, it would suggest that the chancellor ought to require the mortgagee to execute and acknowledge a deed of release, in order that it might be recorded in the county court where the mortgage was recorded.

It was the duty of the appellant to draw up the deed of release in proper form, and tender the same to the appellee, together with the fees for taking the acknowledgment, for him to sign and acknowledge. Thereupon it was the duty of the appellee to sign and acknowledge the same.

But the appellee contends that the court had no jurisdiction to require him, under the circumstances above stated, to sign and acknowledge said deed of release. In answer to this contention, it is sufficient to say that the case was still on the docket, and the parties were all before the court for the purpose of any proper order to be made in the case; and the

appellee stood before the court acknowledging that the appellant had, by the coercive power of the court which he had invoked, paid in full the mortgage debt; and that his entire claim thereon had been satisfied.

Therefore, it would seem to follow, as a logical sequence, that the court, upon the motion of the appellant, had jurisdiction to compel the appellee to furnish the appellant with written evidence by way of a release, duly acknowledged, that the latter had paid the debt in full. As just said, the court compelled the appellant to pay the debt; the appellee stood before the court acknowledging the payment. Therefore, it would seem but just that the court should have the incidental inherent power to require the appellee to furnish the appellant with satisfactory and convenient evidence that the debt had been paid and the mortgage lien thereby discharged.

The judgment of the lower court is reversed, with directions for further proceedings consistent with this opinion.